Caria, per

Q’Neall, J.
In this case, the report presents, in a short way, the reasons which have been satisfactory to the court for dismissing the motion, and it would be, perhaps, quite enought to refer to them without undertaking to enlarge upon the matter here. But the able and lawyerlike arguments, with which we have been furnished, on both sides, require a little fuller answer to be made to the failing party, than the report presents. The case of Cauble & Loveland vs. Hoke, Coroner, 1 Spears’ Reports, 168, decided that the entry of the executions, in these cases, in the office of Henning, the Sheriff, who was also defendant, was not good, and that the entry in the Coroner’s office was legal.
The entry now in question, was first made, in point of time, and will prevail, if made in the office which, in law, is to be regarded as the Coroner’s.
Mr. Borum, who made the entry, was first appointed Coroner, in 1829, he was re-appointed in 1834 and 1836. *144 The Act of 1821, (6th Stat. at Large, 164,) providing for the appointment of Coroner, by resolution, limits his tenure for four years, and '■'■until a successor shall be appointed, and enter upon the duties of his office.” The same Act requires him to give bond, and directs that the Governor shall not commission him until such bond be given. The same provisions are repeated in the Acts of 1839, Acts of ’39, page 49.
The first observation to be made on these statutory provisions is, that they are directory merely; there is no provision which declares his office to be vacated, if the Coroner fails to give the bond. He is directed to do so before entering on the duties of his office. But if he does not execute the bond or receive the commission, and acts in his office, it does not necessarily follow that it is thereby vacated. Unquestionably he is Coroner by the appointment of the Legislature, the commission is the mere evidence of his title; when once in the office, he is entitled to hold until legally displaced.
It is next to be remarked, that the provisions in the case of Coroner and Sheriff, are different. The Coroner is merely directed to give bond before entering upon the duties of his office, and the governor is authorized to commission him on giving bond. In the case of the Sheriff, the Judges are directed not to permit him to enter upon the duties of his office until he records a certificate that he has executed and lodged in the treasury his bond, and if he fails to execute the bond, his office is declared to be vacated, 5 Stap at Large, 285. It is plain, from comparing these provisions, that the office of the Sheriff is much more hedged around with obstacles to entering upon it, without giving bond, than that of the Coroner; yet, I have no doubt, that if a Sheriff were to enter upon its duties, without giving bond, that all his acts, so far as third persons are concerned, would be good. The persons confiding or transacting business to or with him, finding him in office, would have the right to say, we did not enquire by what authority he exercised it. As to them, his acts for or against them, would be good. He, himself, would be liable, and could not justify his acts, if he was not rightfully in office.
*145 Mr. Borum was appointed first in 1829, and was entitled, under that appointment, to continue until a successor was appointed and entered upon the duties of his office. No successor was appointed until after the lodgment of these executions. So that, in that point of view, his acts would be good.
But I take the broad ground, that being found in an office, of which he had been the incumbent for many years, the plaintiffs had the right to regard him as Coroner, and his acts for them are good. All the cases cited, admit this as a general proposition, and I did not understand the ingenious counsel for the defendant to deny it. He contended that the cases of the Coroner and Sheriff, under our laws, were distinguishable from the host of cases ruling the acts of an officer de facto, to be good, so far as third persons were concerned. But if there be a distinction, I have not been able to perceive it. One in office, and transacting its duties, is supposed to be rightfully there, and so far as third persons are concerned, that presumption legalizes his acts. Such a position is necessary to prevent the interminable difficulties in which we should be involved, if it were otherwise. It may be illustrated by putting a case which may occur again and again. A Sheriff sells a tract of land, it is bought by a third person, and it afterwards is discovered he had not given bond, would it do to say that the title should be defeated 1 Certainly not. He is an officer, de facto, and that is enough. So here, Mr. Borum is found in office, the executions were lodged with him, and afterwards, it is found he has not given bond, this cannot, and ought not, to affect the validity of his act for the plaintiffs. They have entered their executions in the Coroner’s office, and although the man holding it may be compelled to vacate it, on account of illegality in his appointment or qualification, yet the entry has been made in the proper office, and the act, de facto, is just as good as the act, de jure.
The motion is dismissed.
Evans, Butler and Richardson, JJ. concurred.
Wardlaw, J. having been of counsel, gave no opinion.